**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **PETITIONER,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.   SA-20-CV-844** |
| | § | |
| **$36,376.00, MORE OR LESS, IN UNITED** | § | |
| **STATES CURRENCY SEIZED ON OR** | § | |
| **ABOUT DECEMBER 20, 2019, IN SAN** | § | |
| **ANTONIO, TEXAS,** | § | |
| | § | |
| **RESPONDENT.** | § | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, acting by and through the United States

Attorney for the Western District of Texas and the undersigned Assistant United States Attorney,

pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

**I.**
## NATURE OF THE ACTION

This action is brought by the United States of America seeking forfeiture to the United

States of the property described below:

> **$36,376.00, More or Less, in United States Currency, seized on or about December 20, 2019, in San Antonio, Texas,**

hereinafter referred to as the "Respondent Currency."

## II.
## JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Currency under Title 28 U.S.C. §§ 1355(b) and 1395(b). Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to Title 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Respondent Currency was seized in this District.

The Respondent Currency was seized in the Western District of Texas, on or about December 20, 2019, and turned over to U.S. Customs and Border Protection ("CBP"). The Respondent Currency has remained in the custody of the Department of Homeland Security Investigations, within the jurisdiction of the United States District Court, Western District of Texas, San Antonio Division, and shall remain within the jurisdiction of the court pending litigation of this case.

## III.
## STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Currency for violation of Title 31 U.S.C. § 5332, and subject to forfeiture to the United States pursuant to Title 31 U.S.C. § 5332(c)(1).

**31 U.S.C. § 5332. Bulk cash smuggling into or out of the United States**
   **(c) Civil forfeiture.-**
      **(1) In general.**-Any property involved in a violation of subsection (a), or a conspiracy to commit such violation, and any property traceable to such violation or conspiracy, may be seized and forfeited to the United States.

**IV.**
**FACTS IN SUPPORT OF FORFEITURE**

On or about December 20, 2019, Jose Antonio Reyes Gomez (GOMEZ) arrived at the San Antonio International Airport from Mexico City, Mexico. At primary inspection, Custom Border Patrol (CBP) Officer Patricio Perez (PEREZ) asked GOMEZ how much money he had in his possession. GOMEZ told CBP Officer PEREZ that he had approximately $9,900.00, in U.S. currency. CBP Officer PEREZ provided GOMEZ with CBP Form 6059B, Customs Declaration, which generally asks travelers if they are traveling with more than $10,000. GOMEZ answered negatively on the form and wrote on the back that he only had $9,900. CBP Officers referred GOMEZ for secondary inspection where he again declared that he had $9,900. Upon a search of GOMEZ's bags, CBP Officer Michael Cervantes (CERVANTES) found additional currency in an envelope. When asked how much currency was in the envelope, Gomez told CBP Officer CERVANTES that he had around $30,000. GOMEZ further stated to CBP Officer CERVANTES that he made a mistake in not reporting the full amount of the currency. GOMEZ acknowledged that he had completed FinCen Form 105 on prior occasions. CBP systems queries showed that Gomez had filled out FinCen Form 105 seven times before his December 2019 admission. CBP Officers counted the currency, which totaled $36,376.00 and seized it. CBP notified HSI of the seizure.

On or about January 30, 2020, the Dallas Fines, Penalties and Forfeitures (FPF) office mailed a notice of seizure to GOMEZ to his residence. On February 27, 2020, the Dallas FPF office received a petition from GOMEZ asking that CBP process his case administratively.

In his petition, GOMEZ claimed that he drank a couple glasses of wine on his flight and that his nerves hindered his judgment when CBP officers asked him about his money. GOMEZ admitted to bringing over $10,000 into the United States before and that he has always claimed it.

Additionally, he stated that the seized currency consisted of rent from a property he owns in Oaxaca, Mexico. He further indicated that he planned to use the currency to pay his son's tuition at Case Western Reserve University, School of Nursing in Cleveland, Ohio.

Based on the above-described facts, it can reasonably be concluded that GOMEZ made false statements to CBP officers when asked about the Respondent Currency and did knowingly conceal the amount of currency he declared upon inspection.

Therefore, based upon the foregoing, the Respondent Currency is subject to forfeiture pursuant to Title 31 U.S.C. § 5332(c)(1), as property involved in violation of Title 31 U.S.C. § 5332.

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Currency, that due notice pursuant to Rule G(4) be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] and in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., that the Respondent Currency be forfeited to the United States of America, that the Respondent Currency be disposed of in accordance with the law and for any such further relief as this Honorable Court deems just and proper.

---

[1] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Currency.

Respectfully submitted,

JOHN F. BASH
United States Attorney


By:    _____
       Antonio Franco, Jr.
       Assistant United States Attorney
       Asset Forfeiture Section
       601 N.W. Loop 410, Suite 600
       San Antonio, Texas 78216
       Tel: (210) 384-7040
       Fax: (210) 384-7045
       Texas Bar No. 00784077
       Email: Antonio.Franco@usdoj.gov

       Attorneys for United States of America

## VERIFICATION

Special Agent, Noah M. Crist, declares and says that:

1.      I am a Special Agent with Homeland Security Investigations, assigned to the San Antonio Field Office, and I am the investigator responsible for the accuracy of the information provided in this complaint.

2.      I have read the above Verified Complaint for Forfeiture and know the contents thereof based upon my personal participation in the investigation, my conversations with others, and my review of documents and other evidence. Based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true and correct. Because the Verified Complaint is being submitted for the limited purpose of stating sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial, it does not contain every fact known by me or the United States. Where the actions, conversations, and statements of others are related therein, they are related in substance and in part, unless otherwise stated.

Pursuant to Title 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this the  16  day of July, 2020.

Special Agent Noah M. Crist
Homeland Security Investigations